[No. 4396.]

McCROSKEY ET AL. v. MILLS.

| 32 | 271 |
| 33 | 386 |

1.   **Pleading—Action to Quiet Title—Possession.**

In an action to quiet title, an answer which alleges facts from which it appears that defendant is the owner and entitled to the possession of the premises, and that plaintiffs wrongfully withhold such possession from him, is a sufficient compliance with the code provision on the subject, and it is not necessary to follow the exact formula which the code prescribes in alleging the character of his estate and that he is entitled to the possession of the premises.

2.   **Same—Judgment on the Pleadings.**

In an action to quiet title, where an affirmative defense and cross-complaint in defendant's answer set up title in defendant and constituted a complete defense to plaintiff's claim, a motion for judgment for plaintiff was properly denied, notwithstanding the denials in the answer of the averments of the complaint were insufficient.

3.   **Pleading—Motion to Strike—Exception—Appellate Practice.**

Where no exception was taken to the denial of a motion to strike out defendant's replication to plaintiff's reply, the ruling cannot be reviewed on appeal and such reply must be treated as a pleading in the action.

4. **Action to Quiet Title—Mortgages—Estoppel.**

In an action to quiet title, where it appeared that the title to the property stood on the records in the name of plaintiff's brother and partner in business, that defendant advanced money to said brother, part of which at least was used in the partnership business, and took a mortgage on the property; that plaintiff knew of the execution of the mortgage by his brother to defendant and told defendant he had no interest in the property, which he gave as a reason why it was unnecessary for him to join in the execution of the notes secured by the mortgage, after foreclosure of the mortgage and vesting of title in defendant by sheriff's deed, plaintiff was estopped to assert any claim to the property on the ground that it was partnership property.

5. **Appellate Practice—Errors Not Prejudicial.**

Where one party to an action establishes by competent evidence such right to the subject-matter in controversy as to entitle him to the relief granted, and the other party fails to establish any right whatever to such subject-matter, he will not be heard to complain of errors which did not prejudice him in his attempt to establish his alleged rights.

*Appeal from the District Court of Teller County.*

Mr. GEORGE SALISBURY, for appellants.

Messrs. LUNT, BROOKS & WILCOX, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

Appellants brought an action against appellee to quiet title to real estate. From a judgment that plaintiffs take nothing by their action, and that defendant do have and recover from them the possession of the premises in controversy, the plaintiffs appeal. The complaint was the usual one filed in actions to quiet title, except the allegation that Fremont L. and Solon McCroskey had formed a partnership which had never been dissolved. The defendant answered (1) denying or admitting certain allegations of the complaint; (2) pleaded facts from which it appeared that he had obtained title from and through Fremont

L. McCroskey, and was entitled to the possession of the premises in dispute; and (3) by what he denominated a cross-complaint, alleged practically the same facts as stated in the second defense, and in addition charged the plaintiffs with fraud and conspiracy in obtaining possession, and also charged that the judgment in the suit for an accounting brought by Solon McCroskey against Fremont L. McCroskey was secured by the fraud of the former.

To the second defense and cross-complaint the plaintiffs replied, denying certain allegations, and averred that Solon McCroskey took possession in the name of McCroskey Brothers, because the firm had an equitable title to the premises in that the property was bought with the funds of the co-partnership; that defendant had notice of this fact, and then attacked the transactions and proceedings by which the defendant claimed to have deraigned title from Fremont L. McCroskey. To this pleading the defendant replied, setting up facts which he claimed estopped the plaintiffs from attacking the transactions between defendant and Fremont L. McCroskey, as well as the proceedings based thereon, whereby defendant acquired title through Fremont L. McCroskey to the premises in dispute. Plaintiffs moved to strike this reply. The motion was denied, but plaintiffs took no exception to the ruling. They also moved for judgment on the pleadings, which was denied.

In the brief filed by plaintiffs the first point made is, that no pleading filed by the defendant stated facts sufficient to constitute a defense. This contention is based upon the ground that defendant has not alleged that he is entitled to the possession of the premises, and has not set up the character of his estate. This is an action to quiet title, evidently brought by plaintiffs under the provisions of chap-

ter 22, Mills' Ann. Code. The code does not pre-
scribe what an answer in an action to quiet title shall
contain. If, in an action of that character the defend-
ant asserts title, he is only required to set up the
title under which he claims.—*Weston v. Estey,* 22
Colo. 334; *Wall v. Magnes,* 17 Colo. 476.

Both the answer and the cross-complaint state
facts from which it appears that the title of defend-
ant, is superior to that of plaintiffs, so that the
defendant, under previous decisions of this court,
pleaded a good defense to the action instituted by
the plaintiffs. The code provisions to which counsel
for plaintiffs refer, and by virtue of which they con-
tend the defendant should have stated that he was
entitled to the possession of the premises, are found
in the chapter relating to actions in ejectment. If,
however, it could be successfully claimed that because
the defendant in this instance sought to recover the
possession of the premises, he should have pleaded
that he was entitled to such possession, the require-
ments of the code to which counsel refer are fully
satisfied. It is not necessary to follow the exact
formula which the code prescribes. When facts are
stated as the defendant has in his answer and cross-
complaint, from which it appears that he is the owner
and entitled to the possession of the premises, and
that the plaintiffs wrongfully withhold such posses-
sion from him, there is a sufficient compliance with
the code provision on the subject.

It is next contended that the court erred in fail-
ing to sustain the motion of plaintiffs for judgment
on the pleadings. This motion was based upon the
ground that the denials were insufficient, or, in effect,
amounted to an admission of the averments of the
complaint. Had it not been for the second defense
and cross-complaint, the motion might have been
well taken, but these defenses set up title in the

defendant, and each constitutes a complete defense to plaintiffs' claim, irrespective of the denials. If defendant established these facts, then he was entitled to a judgment giving him the relief demanded, so that the trial court was clearly right in denying the motion.

Respecting the contention of counsel for plaintiffs that their motion to strike the reply of defendant to their reply to the answer setting up title in defendant should have been sustained, it is sufficient to say that no exception was taken to the ruling denying the motion, and the question sought to be raised is not open to review. For the purposes of this case, that reply must be treated as a pleading in the action.

The remaining questions argued by counsel for plaintiffs will not be taken up in detail, as they can best be disposed of by a brief general review of the cause upon its merits. The property, so far as the McCroskeys are concerned, always stood in the name of Fremont L. McCroskey. The theory of plaintiffs was, that this property had been purchased with funds belonging to the firm of McCroskey Brothers, the members of which were Solon and Fremont L. McCroskey; that defendant had notice of this fact; that the transactions between Fremont L. McCroskey and the defendant which finally culminated in the latter securing title, were fraudulent and without consideration; and that as a member of the firm, Solon McCroskey was the owner and entitled to the possession of the premises. The claim of defendant was that Fremont L. McCroskey owned these premises; that he made and delivered certain mortgages to him; that these mortgages had been foreclosed and a sheriff's deed issued in pursuance of such foreclosure, by virtue of which title was vested in the defendant; that the money secured by these mortgages had

been advanced to Fremont L. McCroskey and by him used, in part at least, in the discharge of obligations against the firm of McCroskey Brothers; that Solon McCroskey had knowledge of that fact, and had solicited the loan to be made, evidenced by the first mortgage, and that prior to the execution and delivery of these mortgages had stated to the defendant that he had no interest in such premises whatever. The testimony discloses that these mortgages were foreclosed, and a sheriff's deed issued; that Solon McCroskey knew of the execution of the mortgages, and that the money was advanced to his brother, Fremont L. McCroskey, and that the firm had the benefit of these advances; that he stated to defendant, prior to the execution of the mortgages, that he had no interest in the premises, and gave that as a reason why it was not necessary for him to join in the execution of the notes secured by the first mortgage. He knew of the foreclosure proceedings, and never, from the time the mortgages were executed, down to the date of the commencement of this action, by word or deed, indicated to the defendant that he had any interest in the property; and that after the foreclosure proceedings were commenced, and before the sale thereunder had ripened into a deed, he endeavored to make an arrangement with the defendant to lease him part of these premises. There is no testimony whatever to establish the issues tendered by plaintiffs that defendant ever had notice that Solon McCroskey claimed an interest in the premises until after the issuance of the sheriff's deed, or that the transactions between defendant and Fremont L. McCroskey were fraudulent in the slightest degree, or that there was any conspiracy between these parties with respect to the judgment of foreclosure. On the contrary, the evidence shows conclusively that the transactions were in good faith; that defendant

actually advanced the money represented by the
notes secured by the mortgages, and that the firm
had the benefit of the major portion of such advances.
There may be some testimony to the effect that the
property was purchased with funds of the firm, but
that is wholly immaterial, in view of the fact that
defendant had no knowledge that the premises were
so purchased, and that Solon McCroskey, by his own
statements, silence and acquiescence, is estopped from
now raising the question that he ever had any inter-
est in the premises, as claimed. From the testimony
as a whole, the trial court was certainly justified in
finding the issues in favor of the defendant. In fact,
we may say, after having carefully examined the
record, that so far as the merits of the controversy
between the parties are concerned, the trial judge
could not have entered any judgment different from
what he did. Solon McCroskey established no rights
to the premises; neither did his coplaintiffs; while
the testimony shows conclusively that, as against
them, the defendant is the owner and entitled to the
possession of such premises. In brief, the facts
estopped the plaintiffs from asserting any claim to
the premises as against the defendant.—Herman on
Estoppel, §§ 917-929; *Thompson v. Sanborn,* 11 N. H.
201.

The errors complained of by plaintiffs and not
specifically noticed are, therefore, immaterial, for
they were not prejudiced thereby. Where one party
to an action establishes by competent testimony such
right to the subject-matter of controversy as to entitle
him to the relief granted, and the other party fails to
establish any right to such subject-matter whatever,
he will not be heard to complain of errors which did
not prejudice him in his attempts to establish his
alleged rights.

The judgment of the district court is affirmed.

*Affirmed.*