[No. 4559.]

MITCHELL v. TITUS.

1. **Quieting Title—Pleading—Adverse Claim.**

In an action to quiet tit'e to real estate, it is proper to omit to set out in the complaint the nature and character of defendant's adverse claim. Such matter should be pleaded in the answer.

2. **Quieting Title—Tax Deed—Pleading—Departure.**

In an action to quiet title, where the complaint alleged title and possession in plaintiff, and the answer denied plaintiff's title and possession and alleged an adverse title under a tax deed, a replication which traversed the material averments of the answer and set up matter charging the invalidity of the tax deed, did not constitute a departure from the complaint.

3. **Quieting Title—Tax Deed—Ownership—Evidence.**

In an action to quiet title, where defendant set up an adverse claim under a tax deed, evidence that long prior to the inception of the tax title the person in possession, as owner of the land in question, made a warranty deed purporting to convey the same in fee to plaintiff, was prima facie proof of ownership in fee by plaintiff.

4. **Quieting Title—Possession—Vacant Lots—Evidence.**

Ownership in fee of vacant lots carries with it the possession for the purpose of maintaining an action to quiet title in the absence of actual entry and adverse possession by another.

5. **Same—Tax Deed.**

Where the holder of a tax deed to vacant lots went to one of the lots, marked out a cellar thereon, drove stakes to outline it and ordered it to be dug, his acts did not operate as a disseizin of the owner in fee of the lots.

6. **Tax Deeds—Constructive Possession.**

A tax deed does not operate to give to the grantee therein constructive possession of the premises conveyed.

7. **Cities and Towns—Constructing Sidewalks—Tax Deeds.**

In a town where the power to order the construction of sidewalks was in its board of trustees, an assessment of taxes and sale of lots for the costs of a sidewalk which was not ordered by the board of trustees, were nullities, and a tax deed thereunder was void.

*Appeal from the District Court of Arapahoe County: Hon. Frank T. Johnson, Judge.*

Mr. GEORGE W. TAYLOR, for appellant.

Mr. SYLVESTER G. WILLIAMS, for appellee.

Mr. JUSTICE GUNTER delivered the opinion of the court.

This was our code action to quiet title. Mills' Ann. Code, sec. 255. The complaint properly omitted to set out the nature and character of the adverse claim of defendant. Such matter should be pleaded in the answer.—*Amter v. Colon,* 22 Colo. 150, 152; *Wall v. Magnes,* 17 Colo. 476, 478; *Schlageter v. Gude,* 30 Colo. 310; *McCroskey et al. v. Mills,* 32 Colo. 271.

The answer denied plaintiff's possession and title and alleged an adverse claim under a tax deed. The replication traversed the material averments of the answer and set up matter charging the invalidity of the tax deed. The replication did not constitute a departure from the complaint.—*Sclageter v. Gude, supra.*

The evidence was, that long prior to the inception of the tax title, one Wolff, in possession as owner of the lots in question, made his warranty deed purporting to convey the same in fee to plaintiff. This was *prima facie* proof of ownership in fee by plaintiff.

At the time of the bringing of this action, the

lots were vacant. The ownership in fee of plaintiff in the lots carried with it the possession thereof for the purpose of this action, in the absence of actual entry and adverse possession taken by another.— *Phillipi v. Leet,* 19 Colo. 246, 253; *Morris & Thombs v. St. Louis Nat. Bank,* 17 Colo. 231, 239.

The only evidence adduced of adverse possession was that defendant, after the issuance of the tax deed, went to one of the lots, marked out a cellar thereon, drove stakes to outline it, and ordered it to be dug. Nothing further was done. Such acts did not operate as a *disseizin* of plaintiff.—*Phillipi v. Leet, supra,* 253.

The tax deed did not operate to give defendant constructive possession of the lots.—*Morris & Thombs v. St. Louis Nat. Bank, supra,* 239.

The case was thus reduced to the validity of the tax deed relied upon by the defendant. The facts pertinent to this question were: The lots were in the town of Highlands; the power to order the sidewalk was in its board of trustees.—2 Mills' Ann. Stats., secs. 4403 (Cl. 7), 4473. This power was never exercised, the work was constructed without authority, and the attempt to assess the lots for the cost thereof, and the consequent sale and tax deeds, were nullities.

The judgment of the lower court canceling the tax deed is affirmed. *Affirmed.*

The CHIEF JUSTICE and Mr. JUSTICE MAXWELL concurring.