[No. 6621. Decided August 5, 1907.]

MARTIN WHITE, *Respondent*, v. HUGH McSORLEY *et al.*,
*Appellants.*[1]

QUIETING TITLE—PRIMA FACIE CASE. In an action to quiet title,
a plaintiff in possession under record title is entitled to judgment
unless the defendant's evidence overcomes or avoids such title.

VENDOR AND PURCHASER—BONA FIDES—RIGHTS AS TO THIRD PER-
SONS. A purchaser from the record owner, for value and in good
faith, without notice of an agreement that the record owner held title
as security only, takes an absolute title in fee.

EXECUTION—SALES—TITLE OF PURCHASER—QUIETING TITLE—PER-
SONS ENTITLED. An execution plaintiff who levies upon and pur-
chases real property which his debtor had previously conveyed by an
absolute deed, intended as security, but with power of sale, acquires
no greater right than his debtor had; viz., the right of redemption or
the right to the surplus after a sale; and therefore an innocent pur-
chaser for value, from the party holding the record title, may main-
tain an action to quiet his title as against such an execution sale,
under Bal. Code, § 5500.

APPEAL—DECISION—QUIETING TITLE—LIENS FOR TAXES PAID. The
supreme court will not reverse a judgment quieting title in the
plaintiff, on the ground that defendant was not allowed a lien for
taxes or assessments paid, where that issue was not raised in the
pleadings, as the liens can still be enforced against the property.

Appeal from a judgment of the superior court for King
county, Morris, J., entered October 24, 1906, upon findings in
favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action to quiet title. Affirmed.

*Willett & Willett*, for appellants.

*Aust & Terhune*, for respondent.

MOUNT, J.—This action was brought by the respondent to
quiet title to lots 15 and 17, of block 72, Gilman Park Addi-
tion to Seattle, now Ballard. The answer of McSorley and
wife alleged title in themselves. At the trial of the case, the

[1] Reported in 91 Pac. 243.

court found that the title was in the plaintiff, and made findings to that effect and entered a decree quieting title in the plaintiff. The defendants have appealed.

The undisputed facts show that, on May 31, 1901, the title to lot 15 was in S. D. Crockett and wife. On that day Crockett and wife executed a deed of the lot to Maggie Donald. This deed was placed in escrow, to be delivered upon the payment of $300, in monthly payments. Mrs. Donald made one or two payments, and then arranged with one Jacob Reichold to complete the payments for her. This was done, and after Mr. Reichold had made the payments, the escrow deed was delivered to him. After the payments were all made, there was due Mr. Reichold from Maggie Donald the sum of $300, which she was unable to pay. She and her husband thereupon, on July 8, 1902, deeded the lot to Mr. Reichold, with the verbal understanding that, if the amount due him . was not paid within one year, he was to sell the lot and, after deducting the amount due him, with interest, he was to deliver the balance, if any, to Mrs. Donald. Nothing thereafter was paid to Reichold, and on August 7, 1903, Reichold sold and conveyed the lot by warranty deed to respondent, for the sum of $358. In the meantime, on March 27, 1903, the appellants began an action against Thomas Donald and wife, and attached the lot, which was afterwards sold on execution and bid in by the appellants. As to lot 17, the facts are that, prior to July 21, 1902, the title stood in the heirs and devisees of Albert Nelson, deceased. On that day those heirs and devisees conveyed the lot to M. A. Emery, who on the same day agreed to sell the lot to Maggie Donald, and some money was paid on the sale; but the money was within a short time afterwards returned, and the sale was not completed. Thereafter, in March, 1905, M. A. Emery and her husband sold and conveyed the lot to the respondent. In the meantime, on March 27, 1903, this lot was attached and sold in the same action and manner as lot 15, as stated above. There are other facts in the case, but they tend only to show that

the Donalds had parted with all claim to the lots prior to the levy of the attachment named. With the view we have taken of the case, such facts need not be stated, as they tend only to confuse the principal issue. The appellants claim through the attachment and execution sale above stated. ·

It will be readily seen that the Donalds had no record title to the lots at the time of the attachments. It is argued by appellants, as against the judgment to quiet title in the respondent, that the deed of lot 15 from the Donalds to Reichold, and the deed of lot 17 to M. A. Emery, were security for debts and therefore mortgages, and that in this state a mortgage is a mere lien and does not pass title. It is no doubt true that a mortgage in form is a mere lien in this state and does not pass title. But the statute provides, at Bal. Code, § 5500 (P. C. § 1142), that any person, having a valid, subsisting interest in real property and a right to the possession thereof, may recover the same by action, and may have judgment in such action quieting plaintiff's title. Under this section a person holding the legal title to the real estate with the right of possession may maintain an action to quiet his title. In this case there is no dispute that the legal record title is in the plaintiff, and there is apparently no dispute that plaintiff is entitled to possession, the lots being vacant, provided his record title is valid. The appellants claimed in the answer that the title was conveyed to the respondent without consideration and in fraud of the appellants. There was no evidence to support the allegations of fraud. Appellants now claim, under the evidence, that the deed of lot 15 from the Donalds to Reichold and the deed to Emery were mere mortgages to secure a debt. In either case, where it appears or was admitted that the plaintiff was the holder of the record legal title and entitled to the possession, it then devolved upon the defendants to avoid that title in some way, and plaintiff was entitled to a judgment quieting his title, unless the defendants overcome that title by showing the same was fraudulent or in some other way avoiding it.

The evidence undoubtedly shows that as to lot 15 the con-- veyance from the Donalds to Reichold, while absolute in form, was as to those two parties a mortgage with the power of sale in the grantee. The plaintiff purchased for value and in good faith, without notice of the agreement existing between the Donalds and Reichold. He therefore took an absolute title in fee. He knew of the attachment and sale thereon, and that the appellants were claiming some interest in the lots, but that interest was the interest of the Donalds alone, which interest after sale by Reichold was a mere right to whatever difference there was between the amount of the debt and the selling price. The evidence shows that the respondent was not actually informed of that interest, but was informed that the claim of the appellants amounted to nothing. At any rate, the appellants, when they sold the interest of the Donalds at execution sale and became the purchasers, acquired no greater interest in the lots than the Donalds had at that time (*Lee v. Wrixon,* 37 Wash. 47, 79 Pac. 489, and authorities there cited), which was merely the right to redeem; or, in case of sale by Reichold, the right to an accounting for the balance due after the debt was paid. The appellants could, therefore, no more maintain an action to quiet title in themselves than the Donalds could have done had the attachment and execution sale not taken place. It is not and cannot reasonably be claimed that the Donalds could maintain such an action against the respondent. As to lot 17, it does not appear that the Donalds had any claim whatever to that lot at the time of the attachment sale, and therefore appellants acquired no interest therein.

Appellants claim further that they have paid some taxes and street assessments against the property, and that they should be reimbursed therefor. They made no claim for such items in their answer and no issue was made thereon at the trial. There is some rather indefinite evidence to the effect that appellants paid certain amounts for street assessments. There is not enough evidence of such facts, however, to war-

rant a reversal of the case on that account.   No doubt the respondent should reimburse the appellants for assessments paid, but inasmuch as that issue was not raised by the pleadings or at the trial, and as the same may still be enforced as a lien against the lots, we shall make no order thereon.

The judgment appealed from is therefore affirmed.

HADLEY, C. J., FULLERTON, CROW, and ROOT, JJ., concur.