Walling, Judge.
Appellant was the plaintiff in the district court, in an action brought to quiet title to certain land in Kit Carson county, under chapter twenty-two, Mills’ Ann. Code.
The answer of the defendant Disbrow denied plaintiff’s allegations of ownership and possession, and alleged that said defendant was the owner and in possession of the land. The answer further alleged that plaintiff’s claim was based upon a pretended trustee’s deed, wherein T. B. Evans, as trustee, pretended to convey to plaintiff all the right, title and interest which one William W. Carlon had in and to said land, but that at the time of the pretended sale by said pretended trustee, Carlon had no estate, right, title and interest in and to said land, and said pretended trustee’s deed did not convey any right, title and interest in and to said land whatever; and that D. Carnahan, who held the title to the land in controversy, and claimed to be the owner, and in actual possession thereof, on or about August 13th, 1904, commenced an action, in the county court of Kit Carson county, to quiet his title against Robert M. Gourlay, Harrington Emerson, trustee, The Reliance Trust Company, and James Beihl, and on the same date filed a notice of suit pending in the office of the county clerk and recorder *113 of tliat county; tliat in tliat case'a decree was duly and regularly entered against the defendants therein, to the effect that said- Carnahan was the owner of the land, and said defendants had no interest whatsoever therein, and that said defendants and each of them were forever barred from asserting any claim to the same; and that, the plaintiff in this action claims title to the land through and under the defendants in that decree. The answer prayed for a decree quieting the title of the defendant to the land in controversy, and canceling the trustee’s deed under which the plaintiff claimed title.
It was ^adjudged by the court that the defendant Disbrow was the owner and in possession of the land in controversy, and that the plaintiff had no estate or interest therein, etc. On the trial of the cause the following facts were in evidence without dispute. On July 21st, 1890, William W. Carlon was the owner in fee and in possession of the land, and on that date he executed a deed of trust conveying the land to Harrington Emerson, in trust, for the purpose of securing the payment of Carl-on’s note, for the principal sum of four hundred dollars, to The Reliance Trust Company, due July 1st, 1895. The deed of trust gave to the trustee, or his successor in trust, upon default in the payment of the secured note, power to sell the land, after thirty days’ advertisement, and upon such sale to execute and deliver to the purchaser a deed of conveyance in fee of the premises sold; and it was stipulated that the recitals in such deed should be taken and accepted as prima facie evidence of the facts therein stated. It was also agreed, by the terms of the deed of trust, that “in case of the *114 death, inability or refusal to act of the said party of the second part, at any time when action under the foregoing powers and trusts may be required, then the legal holder of said note shall have the option of substituting any other person in his stead, by writing duly acknowledged, and the .acts and doings of said party so substituted shall be as effectual and binding as if done by the said party of the second part,” including the power to make sale as therein provided. In April or May, 1903, the note, secured by the deed of trust above mentioned, was transferred, with the blank endorsement of the payee, to the appellant, who thereafter continued to be the holder and owner thereof. April 9th, 1906, appellant, as the legal-holder of the secured note, executed and acknowledged a writing, which, after referring to the deed of trust and the provisions thereof authorizing the substitution of a trustee, and reciting that “Harrington Emerson has been for many years last past a non-resident of the state of Colorado, and as a result is wholly unable to act in the premises,” appointed T. B. Evans as substituted trustee in the place of said Harrington Emerson, “with full power to exercise and perform the powers and trusts created by the said deed of trust, including the sale of the property therein described.” May 31st, 1906, T. B. Evans, as substituted trustee, conveyed the land to appellant by a trustee’s deed, executed pursuant to a sale made on the last mentioned date. The trustee’s deed contained recitals showing compliance with the terms of the power of sale in the deed of trust, reciting, among other things, that “Harrington Emerson is now, and for many years last past has been, a- non-resident *115 of the state of Colorado, and wholly unable to act, and that the legal holder of the note has requested the sale of the hereinafter described lands, and has appointed the undersigned substituted trustee. ’ ’
August 12th, 1904, D. Carnahan brought an action to quiet his title against the persons named in the answer of Disbrow, as stated above, Carnahan’s complaint alleging that he was the owner, and in possession of the land in controversy, and that the defendants therein named made some adverse claim thereto. That action-resulted in a default judgment to the effect that said Carnahan was the owner of the land in controversy, and that the defendants in that action had no” interest whatever in the premises, and that the defendants and each of them were forever barred from asserting any claim or title thereto. About March 1st, 1905, Carnahan conveyed the land to Disbrow.
The land was, at the time of the commencement of the action, and for twelve years before had been, vacant and unoccupied.
Certain tax deeds, purporting to convey the land in controversy to D. Carnahan, were offered in evidence by the defendant, and were excluded by the court upon the objection of the plaintiff. As appellee has not assigned cross-error, the excluded tax deeds are not'before us for any purpose, and are not considered in this opinion. The determination of the controversy, in this court, depends upon the right of the appellant under the trustee’s deed, on the one hand, and the defense based on the default judgment in the action brought by D. Carnahan to quiet his title to the land, on the other. The evidence established, prima facie, title in the plain *116 tiff to the land in controversy, which drew to it the constructive possession. Phillipi v. Leet, 19 Colo., 246; Mitchell v. Titus, 33 Colo., 385; Keener v. Wilkinson, Id., 445; Mitchell v. Trowbridge, 47 Colo., 6; Hall v. Kellogg, 16 Mich., 135.
Some objections are raised on the part of .the appellee to the technical sufficiency of the proof of plaintiff’s title. The title and possession of plaintiff’s grantor, at the time of the execution of the deed of trust, having been conceded, and the tax deeds, under which the defendant claimed title having been excluded by the court, it is difficult to understand how the defendant, who had never had either actual or constructive possession, could be heard to question the regularity of the foreclosure proceedings,' upon which the deed to the plaintiff rested. The writing appointing the substituted trustee was executed and acknowledged by the holder of the note secured bjr the deed of trust, and therefore the substitution was made in the manner provided by the latter instrument. It was not necessary that the written appointment should have stated any reason for such substitution; and, even if the writing executed for that purpose had stated an insufficient ground for action by the holder of the note, the-existence of a valid ground for making the appointment might, nevertheless, have been shown by competent proof. Such proof was supplied by the recitals of the trustee’s deed. It may be said that a non-resident trustee might have been able to execute the power of sale in the deed of trust, in the manner therein prescribed. But, if he was in fact unable to act, at the time when action was required by the holder of the secured note, whether as a re- *117 suit of permanent non-residence, or otherwise, the latter had the right to designate a substitute trustee for that purpose by pursuing the provisions'of the trust instrument. We do not agree with the contention of appellant’s counsel that “inability,” as used in this trust deed, was intended to refer only to physical or mental incapacity. The trust instrument should be given a reasonable construction, in view of the purposes for which it was executed; and it seems quite clear that inability to act, in a practical sense, when, action under the déed of trust w;as required, may have resulted from the permanent non-residence of the trustee. Besides, the trustee’s deed recited, in addition to.the fact that the trustee was, and for many years had been, a nonresident of the state, that he was unable to act, which fulfilled the condition of appointing a substitute. The recitals of the trustee’s deed, in connection with the other evidence, were sufficient, prima facie, to show compliance with, the terms of the deed of .trust in the sale and conveyance to the plaintiff, as against the defendant, and in this form of action. Under the circumstances disclosed by this record, the plaintiff was not required to show a perfect and indefeasible title, and it does not appear that the defendant had any possible interest in the objections urged against the sufficiency of the plaintiff’s proof. See authorities supra; Perkins v. Morse, 30 Minn., 11; Glos v. Randolph, 138 Ill., 262; White v. McSorley, 47 Wash., 18, 20; Graton v. Holliday etc. Co., 189 Mo., 322.
There remains to be considered the claim of title by estoppel, based upon the judgment of the county court, in the action brought by defendant’s *118 grantor, Carnahan, in August, 1904, to quiet title to the same land. The evidence in support of that supposed defense consisted of a certified copy of the judgment roll, consisting of the complaint, summons and return not found as to all defendants, proceedings for service by publication, and the default decree, the substance of which has already been stated."
It is elementary ‘that a judgment in personam, given by default, is binding as an adjudication only upon the parties to the action, in which the judgment was rendered, and their privies. Lower Latham D. Co. v. Louden I. C. Co., 27, Colo., 267; Freeman on Judgments (4th ed.), secs. 252, 464. The note secured by the deed of trust having been assigned to the appellant, prior to the commencement of Carnahan’s action, appellant is not concluded by the judgment in that action by reason of privity with the original holder of the note. 1 Freeman on Judgments, sec. 162; Powers v. Heath’s Administrator, 20 Mo., 319; Gottlieb v. Thatcher, 34 Fed., 435, S. C. 151, U. S. 271.
The judgment in favor of Carnahan against Harrington Emerson — assuming that it was valid upon the face of the record thereof, which is not decided — did not conclude the appellant, for at least two reasons. In the first place, the former action was not brought against Emerson, by any description or allegation in the complaint in that action, in the capacity of trustee under the Carlon deed of trust. Hence the default judgment bound him, if at all, in his individual capacity only. See Greig v. Clement, 20 Colo., 167. Further than this, such a judgment, if rendered against a trustee, to whom *119 the naked legal title to land had been conveyed solely to secure a debt evidenced by the promissory note of the trustor, in an action to which the holder of the note was not a party, could not affect any right of the latter. Such a trust is not of the nature which can make the trustee the representative of the secured creditor in litigation extraneous to the subject of the trust.
“The general equity rule is, that all persons interested in the subject matter of a suit must be made parties in order that the decree may affect their rights, and this rule requires that in litigation had in respect to trust property, both the trustee and the cestui que trust be made parties. There is an exception to this where the trust is an active one, imposing on the trustee the duty of receiving, controlling and managing the trust fund for the benefit of the cestui que trust. * * * But where a trustee is interposed between a lender and a borrower, merely for the purpose of enabling the lender to obtain payment through.the exercise by the trustee of powers conferred upon him by a mortgage or a deed of trust, and the trustee can only be called upon to act in case of default of the grantor in performing the conditions of the instrument, both trustee and cestui que trust must be made parties.” McGraw v. Bayard, 96 Ill., 146; Collins v. Lofftus, 34 Am. Dec., 719, and see note at page 722; Clemons v. Elder, 9 Ia., 273; Reed v. Reed, 16 N. J. Eq., 248; 1 Freeman on Judgments (4th ed.), sec. 173, note 3, page 316.
Before the defendant could avail himself of the judgment relied on as an estoppel against the plaintiff, it was incumbent upon the former to show by *120 pleading and proof that the latter was bound thereby; and in this' respect the case of the defendant wholly failed. 1 Freeman on Judgments (4th ed.), secs. 154, 252; 2 Id., sec. 460.
Since the defendant Disbrow was wholly without title to the land in controversy, upon this record, there is nothing to support the judgment rendered in his favor. The judgment against the appellant in favor of appellee Disbrow, is therefore reversed, and the cause will be remanded for a new trial as between them. ' ,

Reversed.