[No. 13248.  Department One.  July 29, 1916.]

JOHN DANNER et al., Respondents, v. W. F. RITCHIE,
                        Appellant.[1]

JUDGMENT—LIEN—PROPERTY SUBJECT—TITLE OF THIRD PERSONS—
ATTACHMENT.  Where M. agreed to buy property from D. & J. and
conveyed lots as security for the first payment, and pending a sub-
sequent attachment suit against M., D. & J. brought suit on M.'s de-
fault for a rescission of the sale and to quiet title in them to the
lots conveyed as security, making the attaching plaintiff party to
the suit, and the sale was rescinded and title quieted accordingly,
pursuant to stipulation of all the parties, a subsequent judgment in
the attachment suit is not a lien on the lots in question originally
held by M., since the attachment did not run against those lots and
D. & J. had the title prior to the attachment.

Appeal from a judgment of the superior court for King
county, Mackintosh, J., entered September 1, 1915, upon find-
ings in favor of the plaintiffs, in an action for equitable re-
lief, tried to the court.  Affirmed.

Walter B. Allen, for appellant.
Aust & Terhune, for respondents.

MOUNT, J.—This action was brought to enforce specific
performance of a contract, and for equitable relief.  A judg-
ment was entered as prayed for by the plaintiff.  The defend-
ant Ritchie has appealed.

The facts are, in substance, as follows:  On September
15, 1914, John Danner and Julius P. Johnson sold to the
defendant McKenzie a ten-acre tract of land for an agreed
consideration of $10,500.  Three thousand dollars of this
amount was to be paid on or before January 1, 1915.  The
balance, $7,500, was to be secured by a mortgage upon the
ten-acre tract.  It was also agreed that, in order to secure
the $3,000 payment, which was to be made on January 1,
1915, McKenzie and McGinnis were to deed to Danner and

[1]Reported in 159 Pac. 87.

Johnson two certain lots in Seattle, and also assign a contract for another lot; that, if the payment was not made on January 1, as agreed, then these lots and contract should become the property of Danner and Johnson. It was also agreed that, if upon examination of the titles to all the property the titles were found to be defective and could not be remedied within thirty days, then the trades were to be rescinded, and deeds delivered to the original owners.

McKenzie and McGinnis went into possession of the ten-acre tract. Certain personal property was purchased by McKenzie and McGinnis at an agreed price of $1,000. This personal property was not paid for and was afterwards sold by McGinnis. After January 1, it was discovered by Danner and Johnson that one of the lots was of no value in excess of the incumbrances thereon, and that the contract of sale upon another lot did not exceed in value the sum of $1,000.

Thereafter, while the title to the ten-acre tract was in McKenzie and McGinnis, an action was brought by the appellant, W. F. Ritchie, on October 9, 1914, against McKenzie to recover a judgment of $1,442.73. An attachment was levied upon the ten-acre tract. On February 17, 1915, after the $3,000 which had been agreed to be paid was past due, and when the equity in the lots given to secure this sum was found to be not more than $1,000, Danner and Johnson brought this action for a rescission according to the terms of the original contract, and to quiet the title to the lots which had been deeded to them. Ritchie was made a party to that action.

On May 25, 1915, the attachment which had been sued out by Ritchie against the ten-acre tract was dissolved by an order of court. Afterwards a stipulation was entered into by the plaintiffs and McGinnis and McKenzie to the effect that a decree might be entered rescinding the contract and quieting the title to the lots in the plaintiffs. A judgment to that effect was entered. Subsequently the appellant Ritchie obtained a judgment for $1,442.73 and costs against

McKenzie. He now claims that his judgment is a lien upon the lots which were awarded to the plaintiffs Danner and Johnson.

It is plain that there is no merit in this contention, because the title to these lots was in the plaintiffs from January 1, 1915; and before the judgment was entered in favor of Ritchie and against McKenzie, the title to the ten-acre tract upon which the attachment had been levied had been revested in the plaintiffs. The attachment did not run against the lots in question, and if it had, it was dissolved and was therefore of no force.

Some contention is made by the appellant that these transfers were made in fraud of the rights of Ritchie. But there is no evidence in the record to justify this contention; and the court below so found. The plaintiffs Danner and Johnson were the holders of the title to the lots, and in order to avoid that title it was incumbent upon Ritchie to show fraud in the procurement of it. *White v. McSorley,* 47 Wash. 18, 91 Pac. 243. This was not done. We are satisfied from a careful examination of the record that the trial court arrived at a just conclusion.

The judgment is therefore affirmed.

MORRIS, C. J., FULLERTON, ELLIS, and CHADWICK, JJ., concur.