# April Term, 1923

## No. 10,071.

### MERRICK v. MORELOCK.

Decided April 2, 1923.   Rehearing denied May 7, 1923.

Action for damages for breach of contract.   Judgment for plaintiff.

*Affirmed.* .

1. CONTRACT—*Reformation.*   To justify reformation of a contract, the proof must be clear, unequivocal and indubitable.

2. APPEAL AND ERROR—*Fact Findings.*   The decision on an issue of fact fairly stated to the jury by instructions, will not be disturbed on review.

3. WITNESSES—*Qualifications—For the Court.*   The qualifications of a witness to testify to a matter of opinion. is a preliminary question for the trial judge, and his decision is conclusive unless clearly shown to be erroneous in a matter of law.

*Error to the District Court of the City and County of Denver, Hon. L. C. Stephenson, Judge.*

Mr. L. WARD BANNISTER, Mr. C. E. WAMPLER, Mr. SAMUEL M. JANUARY, for plaintiff in error.

Mr. JOHN W. STEPHENSON, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

(245)

THIS action was brought by the defendant in error to recover damages for a breach of a written contract with respect to an automobile truck. For convenience the parties will be designated as they were in the court below.

The defendant, by proper allegations in his answer, asked for a reformation of the written contract, which was denied after a trial to the court upon that issue. The case was then tried to a jury on other issues raised by the pleadings, which resulted in a verdict and judgment for the plaintiff. The defendant brings the case here for review.

On October 22, 1919, the defendant, who was a distributing sales agent of Indiana automobile trucks for Colorado and Wyoming, sold and delivered to the plaintiff, an automobile mechanic at Casper, Wyoming, a second-hand Indiana automobile truck, together with certain new truck parts to be presently delivered, valued at $2450.00. In payment for the truck and the parts, plaintiff gave the defendant a second-hand Hudson Super-six automobile, at an agreed valuation of $1050.00, and seven promissory notes in the sum of $200 each, the first of which fell due December 22, 1919, the others falling due on the 22nd of each succeeding month. These notes were secured by chattel mortgage on the truck, and were, shortly after the execution thereof, assigned to the Denver Morris Plan Company by the defendant. From October 22, 1919, to January 30, 1920, the defendant failed to furnish the new parts which were to be used by the plaintiff in repairing the truck and putting it in good condition for freighting purposes by the plaintiff. Plaintiff claimed the delay of the defendant in furnishing the parts deprived him of the use of the truck for such purposes, which was his only source of funds with which to pay and to protect his maturing notes and prevent a forfeiture and foreclosure of the chattel mortgage. The notes were not paid as they matured. In these circumstances, after a conference between plaintiff and defendant with respect to furnishing the parts and making the repairs, the written contract of January 30, 1920, was entered into between plaintiff and

defendant. It is for the breach of this last contract that the plaintiff complains and upon which he predicates his suit.

The material parts of the contract provide:

1.  Merrick will hold Morelock harmless from further default or any foreclosure of the mortgage to the Denver Morris Plan Company on account of the non-payment of any of said notes.  *   *   *

3.  Morelock agrees to use said parts and to put in his own labor in a proper workmanlike manner to put said truck in good repair for use and with the intention that the same shall be sold as soon as possible. Morelock also agrees that said parts above described have been this day furnished by Merrick. Morelock agrees to have said truck fully repaired within thirty days from the date hereof.

4.  It is further agreed that said truck shall not be sold for less than $2,850, unless the parties previously agree in writing to the contrary and agree upon a distribution of the amount so received.

5.  If said truck is sold for $2,850, Morelock shall receive $1,200, and will not be required to pay any notes or amount to the Denver Morris Plan Company. Merrick shall receive the balance of $1,650, out of which he shall pay the notes to the Denver Morris Plan Company and reimburse himself so far as possible for the parts furnished or any expense incurred by him. It is further understood that the expected profit out of the transaction to Merrick will come out of the automobile Merrick has already received from Morelock.

6.  If said truck is sold for more than $2,850, then Morelock shall first receive $1,200, Merrick shall receive $1,650, and the balance then remaining shall be divided equally between the parties without deductions for any charges or expenses, unless a commission is paid for the sale of said truck. And all said notes to the Denver Morris Plan Company shall be paid and delivered to said More-

lock at the time the money arising from said sale is turned over to Merrick.

After the execution of the contract, the defendant delivered to the plaintiff the truck parts, which the plaintiff installed, and made all needful repairs to put the truck in first class condition within thirty days, as required by the contract. It seems that the defendant did not take up and pay plaintiff's overdue notes in the possession of the Morris Plan Company, or secure an extension of the time of payment, or otherwise take any action whatever to protect the plaintiff against a default and foreclosure of the chattel mortgage, as provided in the contract. It does not appear that the defendant, although he was the distributing sales agent of the Indiana truck during all of this period for Colorado and Wyoming, made any effort to sell the truck. It appears that the plaintiff, after completing the repairs, held the truck in storage and in his possession for a period of four months. Between May 28, 1920 and August 21, 1920, plaintiff used the truck forty-three days for freighting purposes, in hauling material to the oil fields in the vicinity of Casper, Wyoming, when the Morris Plan Company declared a forfeiture and seized the truck under the chattel mortgage and removed it to Denver, Colorado. After the seizure of the truck by the Morris Plan Company under the chattel mortgage, the plaintiff brought his action against the defendant for a breach of contract, asking damages for the failure of the defendant to hold the plaintiff harmless against foreclosure of the chattel mortgage, and prayed damages for the value of his Hudson car, and his labor in the repair of the truck purchased by him from the defendant.

The first assignment of error relates to the action of the court in holding that the testimony was insufficient to justify a reformation of the contract. The defendant sought to reform the contract, which provided that Merrick should hold Morelock harmless from default and foreclosure of the chattel mortgage, by adding to that clause of the contract "until said truck can be repaired and put

in condition for sale." There is no evidence in the record to justify the reformation of the contract. Although the defendant was asked to state what was told the attorney who drew the contract, by either himself or plaintiff, with reference to holding Morelock harmless, there is not a particle of testimony that this reformation clause was mentioned by either of them as one of the conditions of the contract. The most that the defendant would say was that that clause was not according to his understanding. The attorney who drew the contract was not called as a witness, nor was there any testimony that the plaintiff and defendant had ever discussed this clause as one of the conditions to be inserted in the contract. To justify reformation of a contract, the proof must be clear, unequivocal and indubitable.

The defense that the use of the truck by the plaintiff depreciated its value, for which the defendant should have credit to the extent of such depreciation caused by the use made of it by the plaintiff, was submitted to the jury on the evidence and the instructions of the court. We think the issue was fairly stated to the jury by the instructions.

Error is assigned on the refusal of the court to allow the defendant to testify to the depreciation in the value of the truck resulting from its use by the plaintiff, although the defendant testified in answer to qualifying questions, that he was not a mechanic and was not qualified to give evidence as to the mechanical condition of the truck, and had only examined it in a general way after it was brought to Denver from Casper.

We are not disposed to disturb the decision of the trial court in its ruling on the questions qualifying the witness to express an opinion as to the value of the truck after its use by the plaintiff, under the circumstances as here disclosed. *Fort Collins Ry. Co. v. France,* 41 Colo. 512, 521, 92 Pac. 953.

We discover no reversible error in the record, and the judgment is accordingly affirmed.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE DENISON concur.