## No. 12,070.

COLORADO TROUT FISHERIES, INC. *v.* WELFENBERG, ET AL.

Decided November 26, 1928.

Messrs. PERSHING, NYE, TALLMADGE & BOSWORTH, for plaintiff in error.

Mr. FLOR ASHBAUGH, Mr. HORATIO S. RAMSEY, for defendants in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN 1921 the defendant Welfenberg owned a tract of land adjoining the town of Petersburg in Arapahoe

county on which he was operating a fish farm. He and Richard Oppenlander and one Williams organized a corporation, the Colorado Trout Fisheries, Inc., the plaintiff herein, to take over this property and continue such business thereon in the corporate name. Conveyance of the land was made by Welfenberg to the corporation, the capital stock of which was divided between the three, one-third to each. There were about thirty acres in the tract which Welfenberg then owned. The land conveyed by this deed, according to its description, included not only the land which Welfenberg then owned, but also a two acre tract at the extreme southerly end of this land, which he did not then own. The deed of conveyance was a warranty deed with the usual covenants in an instrument of that character. Two years or more thereafter Welfenberg acquired the two acre tract mentioned by a warranty deed from the owner. Thereafter Welfenberg conveyed the same to a third person subject to a trust deed thereon. The plaintiff brought this action against Welfenberg, his later grantee, and the holder of the incumbrance, to have such deed cancelled and to have set aside the incumbrance, which the grantee had placed upon the two acre tract. The defendants answered alleging, among other things, that the two acre tract in question, which Welfenberg did not own at the time he included the same by description in his deed to the Fisheries Company, was by a mistake both of himself and his grantee, included therein and he prayed for a reformation of the deed on that ground. Upon issues joined the trial court made findings for the defendant Welfenberg and the other defendants, holding that the mistake mentioned was mutual and entered a decree reforming Welfenberg's deed to the Fisheries Company so as to exclude the two acre tract. The plaintiff Fisheries Company is here with this writ.

Two principal assignments of error, and the only ones necessary to consider, are: (1) That the court erred in

overruling plaintiff's motion for judgment on the pleadings; (2) that the findings and decree of the court are contrary to the law and the evidence.

1. Plaintiff's motion for judgment on the pleadings is based upon its misconception that the answer does not allege that the mistake in question was mutual and, therefore, this instrument could not properly have been cancelled or reformed because a unilateral mistake does not invoke equitable jurisdiction in such cases. There is no merit in this contention. The answer itself specifically alleges, and the court found, that the two acre tract in controversy here was inserted in the description of the Welfenberg deed to the Fisheries Company as the result of a mistake of both parties. If a mistake of both parties to a transaction is not a mutual mistake, we do not know the meaning of the word.

2. The assignment that the findings in the decree are contrary to the law and the evidence is not tenable. There is no question about the general proposition of law advanced by the plaintiff that, where one conveys lands with warranty, but without title, and afterwards acquires title, his first deed works an estoppel and passes an estate to the grantee the instant the grantor acquires his title. *Phillippi v. Leet,* 19 Colo. 246, 251, 35 Pac. 540. Our statute, section 4873, C. L. 1921, is merely a legislative codification of the general rule and in harmony with the same. While courts of equity do not grant the remedy of reformation on a mere probability, or upon a preponderance of evidence, but only upon a certainty of error, and while a party who undertakes to avoid the effect of an instrument which he has signed and sealed, assumes a difficult task, nevertheless, if the evidence is as declared by this court in its most recent declaration on the subject—*Merrick v. Morelock,* 73 Colo. 245, 215 Pac. 133—clear, unequivocal and indubitable, a contract may be and should be reformed. Since plaintiff in error so vigorously argues that the evidence was not of the character just indicated, we have read the

evidence as abstracted by it, and we are unable to say that the trial court was not justified in its findings. Neither can we say that the defendants' evidence is not of the character that must be produced to secure a reformation of a deed of conveyance. It is true that there is a conflict in the evidence. The trial court, however, saw these witnesses and heard them testify and was, of course, in better position to judge of their credibility than we are. Certain physical facts were brought out which are and should be potent with any court that passes upon this evidence. This two acre tract in controversy, which Welfenberg did not own at the time that he included it in his deed of conveyance to the plaintiff, was at the time a separate enclosure from the balance of the thirty acre tract. The plaintiff company, after its deed of conveyance, never took possession of this tract or sought to utilize it for a number of years. It did not list the same for taxes or pay taxes upon it. Indeed, plaintiff's witness Williams himself testifies that the plaintiff company desired this land, not so much for the land itself, as for the water right belonging to the same which the Fisheries Company wished to utilize in its business of conducting a fish farm, and this water right was utilized and belonged to the tract of land exclusive of the two acre tract. Welfenberg never made any claim to the tract of land until he bought it two years or more after his deed to the company. In the light of all the evidence which we have read with care, we are satisfied not only that it was of the character that justified the decree, but that the decree was equitable and just and might well have been, as it was, made by the trial court. In *Nixon v. Harmon,* 17 Colo. 276, 29 Pac. 808, where real estate was included in a deed by mistake, and an action was brought for the correction of the description, and the only question considered by the reviewing court was the sufficiency of the evidence to support the decree reforming the description, it was said, among other things, that the judge presiding at the trial had advantages,

which a court of review had not, to pass upon the conflicting evidence of living witnesses produced before it.

We find nothing in the record which would justify our setting aside this decree. It is accordingly affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.