MICHAEL MURPHY

*vs.*

HENRY HINDS.

*Steele vs. Fish,* 2 *Minn.,* 153, and subsequent cases followed, as to the rule requiring proof of *actual possession* to sustain an action brought under *sec.* 1, *ch.* 75, *Gen. Stat.* to determine adverse claims to real estate.

This action was brought in the district court for Scott county and was tried by the court, without a jury. The complaint alleges that the plaintiff is the owner in fee, and in possession of certain lands described therein, and that the defendant claims some estate or interest in the land adverse to the plaintiff, and that the claim of defendant is unfounded in fact and in law, or in equity, and is a cloud upon the plaintiff's title. Plaintiff demands judgment that the defendant disclose the estate or interest claimed by him, and that the same, as against the title of plaintiff be declared unlawful and void. The answer denies the complaint, except the allegation of defendant's claim, and proceeds to disclose his claim, which is based upon a tax title.

Upon the trial of the action, the plaintiff offered in evidence the record of the "duplicate" land office certificate, issued to his grantor, the pre-emptor of the land, and a deed from such pre-emptor to himself, and rested his case without offering any proof of actual possession.

The defendant moved for a non-suit upon the ground that no proof of possession by the plaintiff had been given,

which was denied by the court, and the defendant excepted.

The defendant then offered testimony in support of his answer, but as the case is decided in this court upon the exception taken to the denial of the motion for a non-suit, no statement of such testimony is necessary.

The court ordered judgment for the plaintiff, and the defendant appeals therefrom to this court.

HENRY HINDS, Appellant in person.

J. L. MACDONALD, for Respondent.

*By the Court.*—BERRY, J.—This action is brought under *Sec. 1, Chap. 75, Gen. Stat.*, which provides that "an action may be brought by any person in possession, by himself, or his tenant of real property, against any person who claims an estate or interest therein, adverse to him, for the purpose of determining such adverse claim, estate or interest." This section has on several occasions received a construction in this court, and it has been settled that the possession referred to is an *actual* possession. *Steele vs. Fish,* 2 *Minn.,* 153; *State vs. Bachelder,* 5 *Minn.,* 239; *Meighen vs. Strong,* 6 *Minn.,* 179; *Hamilton vs. Batlin,* 8 *Minn.,* 404; *Wilder vs. City of St. Paul,* 12 *Minn.,* 198.

To maintain this action then, the plaintiff must establish possession in fact. Upon the trial the plaintiff introduced the record of a duplicate certificate of entry of the land in question issued to one Hays, and the record of a warranty deed of the same, running from Hays and wife to himself, and upon this evidence alone he relies as proof of his possession.

When no one is in actual possession of land, proof of a paper title may establish a *constructive* possession in the holder of such title, because under such a state of facts pos-

session follows title. *Van Rensselaer vs. Radcliff*, 10 *Wend.* 654 ; 2 *Gr. Ev.* 614. But the constructive possession, from the very fact that it is constructive, is not actual possession. The plaintiff then, having failed to make out a case, the defendant's motion for a non-suit was erroneously overruled.

The section of the statute cited has been amended (*see Ch.* 72, *Laws* 1867) by appending to it these words : "and any person having or claiming title to vacant or unoccupied real estate may bring an action against any person claiming an estate or interest therein adverse to him, for the purpose of determining such adverse claim and the rights of the parties respectively. " The plaintiff insists that he has brought his action under the whole section as thus amended. But this is not so. There are two cases in which the section as amended provides that an action of this kind may be maintained. First : when the plaintiff is in actual possession : Second : when the land is vacant or unoccupied and no person is in actual possession.

The plaintiff in his complaint has counted upon his *possession*, and therefore his case is the first.

But even admitting (for argument's sake *merely*) that under a complaint counting upon possession, the plaintiff might be permitted to prove, either that he is in possession of the premises, *or* that the same are vacant and unoccupied, the proof that he has made in this instance does not establish either state of facts, and he has failed to make out a cause of action in either of the cases contemplated by the statute.

Judgment reversed.