*James Byrne,

*vs.*

Henry Hinds.

In an action brought under *Gen. Stat. ch.* 75, *sec.* 1, for the purpose of determining an alleged adverse claim of defendant to land of which the complaint alleged plaintiff to be the owner and in posses-sion, it appeared that plaintiff owned the land; that from 1856, to April 1866, he resided upon and occupied it as his homestead; that in April, 1866, he removed from it temporarily and with the inten-tion of returning thereto, at or before the expiration of one year, but had not in fact done so ; that however he had never abandoned or changed his intention to return ; that in the fall of 1866, after the levy thereon of an execution, under which defendant claims, and be-fore sale, he notified the sheriff that he claimed it as his homestead. *He'd*, that these facts do not furnish proof of the *actual possession* necessary to sustain such action.

This action was brought in the district court for Scott county, "to determine adverse claim to real property," and was tried by the court, without a jury, and resulted in a judgment for plaintiff. The defendant appeals therefrom to this court. The case is sufficiently stated in the opinion of the court.

Henry Hinds, Appellant in person.

J. L. Macdonald for Respondent

---

* Mr. Justice Berry being unavoidably absent took no part in the hearing or decision of this case.

*By the Court*—Ripley, Ch. J.—This action is brought under *ch.* 75, *sec.* 1. *Gen. Stat.*, for the purpose of determining an alleged adverse claim of appellant to land of which plaintiff alleges himself to be the owner and in possession. The judge by whom the case was tried without a jury found as to these matters that respondent at the commencement of the action was seized in fee of the land in question, viz: w ½ n w ¼ sec. 26, T. 115, R. 21; that he resided upon and occupied it as his homestead from 1856, till about April, 1866, when he removed therefrom, temporarily, and with the intention of returning thereto at or before the expiration of one year from the time of his removal therefrom, but has not in fact ever returned thereto, though he has never abandoned or changed his intention so to do; and in the fall of 1866, after the levy thereon of the execution under which appellant claims, and before sale, notified the sheriff that he claimed it as his homestead.

Appellant, upon the filing of the decision, moved for an amendment thereof by the court, so as to show, among other things, "whether, when the plaintiff left the possession of the said premises about the first of April, 1866, he did not remove with his family to Minneapolis, in the county of Hennepin, and build a house there, where he has continued to reside with his family up to the time of the trial of this action in November, 1868; whether the plaintiff has ever returned to or been in the actual possession or occupancy of said premises, either with or without his family, since April, 1866."

The motion was denied; "the court being of opinion that the report and decision of the court, in respect to the said matters, is sufficiently definite and certain without amendment in regard to the fact that the plaintiff was not in possession of the premises described in the complaint at

the time the action was commenced, and that it is not material to what particular place the plaintiff went, or in what he lived."

There can be no question that the court means to find as a fact that respondent was not in actual possession, and as little, that the evidence fully supports the finding.

The court below in finding, as a conclusion of law, that respondent was entitled to the relief prayed, went, as it did in *Murphy vs. Hinds*, 15 *Minn*. 182, which was tried at the same term, upon the theory that proof of actual possession was not necessary to maintain the action.

The fact of possession being in issue, such proof was, however, as necessary in this case, as in that, and having been found by the court against the respondent, the conclusion of law aforesaid is not supported by the facts, and the judgment must be reversed, unless the owner of land which he has occupied as a homestead, though he shall remove therefrom, and reside elsewhere, still, however, regarding it as his homestead, claiming that it is exempt from levy and sale on execution for his debts, and intending to return to reside on it at some future but undetermined date, may be considered to retain such a possession as will enable him to maintain this action.

It is obvious, however, that he cannot. It is entirely consistent with such claim and state of mind on his part, that some one else, e. g. that the appellant at the time this action was commenced, should have been in possession under the execution sale aforesaid to him of the said premises on the 11th of December, 1856 ; in which case respondent might have brought ejectment. The present action is given to parties in possession, who, *because* of their possession cannot maintain ejectment.

The facts referred to have evidently no tendency what-

Byrne v. Hinds

ever to prove such possession, which must be actual, not merely constructive and inferred, as, in the case at bar, if he is to be deemed in possession, it would be necessary to infer it from a certain mental condition and disposition of the respondent.

The respondent asks if one can have a homestead and not be in possession

In the sense in which the law uses the word, viz: the place of the debtor's residence or dwelling, and thereby exempt from forced sale on execution, the statutes of this state would seem to answer the question in the affirmative by their provisions for the continuance on certain conditions of such exemption, notwithstanding the removal and continued absence therefrom of the debtor. *Stat.* 1860, *ch.* 95, *sec.* 1. *Stat.* 1868, *ch.* 5, *sec.* 1.

Giving it its popular meaning of the family home or seat, it is obvious that one may have a homestead, (though not exempt as aforesaid) without being or having ever been in possession of it; a fact which *Gen. Stat. ch.* 68, *sec.* 1 seems to recognize, by making occupation by residents of the state, a pre-requisite to such exemption. One may become the owner, in this latter sense, of the homestead, by descent, or devise, yet may have never so much as set foot in the state in which it is situated. Judgment reversed.