## J. J. Hoffman v. M. H. Woods *et al.*

1. Land—*Actual Possession—Action to Quiet Title.* Where a person claims to own certain real estate which is, and always has been, except for the facts hereafter stated, vacant and unoccupied, and he has the record title thereto except as against a certain tax deed, and he pays the taxes thereon, takes persons on the land and offers it for sale, takes posts thereon with the intention of using them in building a fence thereon, and sharpens the posts ready to drive, *held,* such person has such an actual possession of the property that he may maintain an action under ⸹594 of the civil code to quiet his title thereto as against the tax-deed holder who makes no claim of having the possession of the property.

2. Tax Deed, *Voidable.* Where real estate is assessed and taxed as though it was in a city, and is charged with the taxes of such city although such real estate never was in such city, a tax deed founded upon a tax sale for such taxes is voidable at the instance of the owner of the land.

*Error from Anderson District Court.*

ACTION to quiet title. Judgment for plaintiffs, on March 30, 1887. The defendant *Hoffman* brings the case here. The opinion states the facts.

*W. A. Johnson,* and *J. G. Johnson,* for plaintiff in error.

*E. C. Hall,* for defendants in error.

The opinion of the court was delivered by.

VALENTINE, J.: This was an ordinary action to quiet title, brought in the district court of Anderson county under § 594 of the civil code, by M. H. Woods and E. A. Ford against J. J. Hoffman, to quiet the plaintiffs' title to block number 12, in the town of Mandovi, in Anderson county, Kansas. The case was tried before the court without a jury, and judgment was rendered in favor of the plaintiffs and against the defendant; and the defendant, as plaintiff in error, brings the case to this court.

The first question presented to this court is whether the plaintiffs below had sufficient *actual* possession of the property in controversy to maintain the action. The only evidence introduced in the court below upon this subject reads as follows:

"Plaintiff, M. H. Woods, testified: I took possession of block 12, Mandovi, just after the dismissal one year ago in January of the other suit, and before this action was brought. I took our posts and had them sharpened ready to drive; that is all. I have taken parties there and offered it for sale; that is all the acts of possession. I paid the taxes of 1886. On cross-examination he testified: I never built any fence on the property. I did not scatter the posts around it. I intended when I hauled the posts there to build the fence, but I never built the fence, and there are no improvements on the said block 12."

Of course a plaintiff in an action to quiet title under § 594 of the civil code must have actual possession of the property in controversy, either by himself or tenant, or he cannot main-

tain the action. (*Pierce v. Thompson*, 26 Kas. 714, and cases there cited.) But did not the plaintiffs in the present case have that kind of possession? No claim is made that the defendant or any other person has ever had any possession of the property adverse to the plaintiffs, or indeed any possession of any kind; but the only claim made by the defendant is, that he has a tax title to the property, and that the property is and has been at all times vacant and unoccupied. Under the pleadings and the evidence in this case, unless the plaintiffs have been in the actual possession of the property since sometime prior to the commencement of this action, the property is, and has been at all times, vacant and unoccupied. Is the plaintiffs' possession sufficient? It may be that where parties having no record title to the real estate which they claim, but having only a title founded upon some unrecorded instrument in writing, or upon some contract or transaction only in parol, or upon some statute of limitations, or upon some latent and obscure equity, and having no possession of the property other than one like the possession proved in the present case, their possession would not of itself be sufficient to warn others of their rights, nor would it prevent others from becoming actual and *bona fide* purchasers of the property from the parties holding the record title; nor would it prevent such *bona fide* purchasers from procuring the entire title to the property, and becoming the absolute owners thereof. (*Sanford v. Weeks*, 38 Kas. 320; *Gildehaus v. Whiting*, 39 id. 706.) But see *Sheldon v. Atkinson*, 38 Kas. 14, *et seq.*, 21, *et seq.* But this present case is not one of the cases above mentioned. The plaintiffs in this case hold the record title, except for the defendant's tax deed. The kind of possession proved

1. Land—actual possession—action to quiet title.

in this case would be a sufficient actual possession for various purposes. (*Gilmore v. Norton*, 10 Kas. 492, 506; *Giles v. Ortman*, 11 id. 59; *Cartwright v. McFadden*, 24 Kas. 662.) The last two cases cited were actions to quiet title under § 594 of the civil code. Slight actual possession we think ought to be sufficient to enable a

person to maintain this action as against a person who has no pretense of possession, as in this case.

The next question involved in this case is, whether a certain tax deed executed January 13, 1886, for the taxes of 1879, purporting to convey the property in controversy to the defendant is valid, or not. The tax deed seems to be valid upon its face; but it is claimed by the plaintiffs that it is void for the reason that the property it purports to convey was assessed and taxed as a part of the city of Garnett, while in fact it never was any part of such city. It is admitted that the property in controversy was never any part of the city of Garnett; and for the purpose of proving that it was assessed and taxed as a part of such city, a portion of the tax-roll of such city was introduced in evidence, which portion of the tax-roll is as follows:

TAX-ROLL CITY OF GARNETT, ANDERSON CO., KANSAS, 1879.

| Name. | Lot | Block | Valuation. | Delinquent road tax. | School district tax. | School district bond tax. | Total tax. | Penalty, Dec. | Penalty, Mar. | Penalty, June, | Advertising |
|-------|-----|-------|------------|----------------------|----------------------|----------------------------|------------|---------------|---------------|----------------|-------------|
| MANDOVI. | | | | | | | | | | | |
| Wm. Larimore | | 12 | 40 | 82 | 10 | 38 | 90 | $2 20 | 11 | 11 | 11 | 10 |

The plaintiffs also, for the same purpose, introduced in evidence a portion of the " rate-book kept by the county clerk;" which portion of the rate-book is as follows:

"Rate of tax levied for Anderson county, Kansas, on each $100 for the year 1879: State tax, 65 cents; county tax, 40 cents; interest on L. L. & G. R. R., 75 cents; city of Garnett, 25 cents."

The only question now to be considered is whether this evidence proved, or tended to prove, that the property in controversy had been assessed and taxed as a part of the city of Garnett. If it did, then the tax deed was rightfully set aside; but if not, then the tax deed should be held to be valid. The court below held that it did. It is shown that the taxes levied upon the property in controversy for the year 1879

25 — 40 KAS.

were placed upon the tax-roll of the city of Garnett. As to a part of such taxes, to wit, 82 cents, it does not expressly appear for what purpose the same was levied. But taking the state tax, the county tax, the interest on L. L. & G. R. R. tax, and the city of Garnett tax, as calculated at the rates above mentioned, on $40 valuation, and the whole will amount to just 82 cents. Hence it would seem that this property was subject to the city of Garnett tax. It was admitted on the trial, that Mandovi was never a part of the city of Garnett, and no attempt was made to show that this property or any other property in Mandovi was not assessed or taxed as though it was situated in the city of Garnett, or that the same was assessed or taxed in any other manner than as shown by the foregoing tax-roll, or that it was assessed or taxed separately from the property actually situated in the city of Garnett.

We cannot say that the court below erred in finding and holding that the plaintiffs below were sufficiently in the actual possession of the property in controversy to maintain this action, nor can we say that the court below erred in finding and holding that the property in controversy was assessed and taxed as though it was situated in the city of Garnett, while **2. Voidable tax deed.** in fact it never was in such city, and in finding and holding that the defendant's tax deed was consequently voidable at the instance of the plaintiffs. It is admitted that the plaintiffs are the owners of the property in controversy if the defendant's tax deed is bad, and the court below held that the tax deed is bad, ordered that the plaintiffs pay the taxes paid by the defendant with interest, etc., to him, and then that the plaintiffs' title be quieted.

The judgment of the court below will be affirmed.

All the Justices concurring.