[No. 6060.]

## BUCKLAND ET AL. V. FIELDER ET AL.

**Quieting Title—Plaintiff's Possession—**Under sec. 255 of the Code, plaintiff in a bill to quiet title must, where his possession is denied, give evidence to establish such possession.—(155)

The mere recording of a tax deed does not answer the requirements of the statute.—(154, 155)

*Appeal from Summit District Court* — Hon. FRANK W. OWERS, Judge.

Mr. JOSEPH N. BAXTER, for appellants.

Mr. JAMES T. HOGAN, for appellees.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The appellees, who were plaintiffs below, brought this action under sec. 255, Mills' Ann. Code, to quiet their title to the Tempest lode mining claim, alleging that they were the owners in fee of the premises and in the actual, notorious and open possession thereof. The answer denied the allegations of the complaint and set up a title in fee, in differing interests in some of the defendants, a lien in others and disclaimer as to others. The trial was to the court. The plaintiffs claimed title under a tax deed issued and recorded more than seven years before the commencement of the action. At the beginning of the trial, there was a conversation between the respective attorneys and the trial judge. The attorney for defendants said he wished to offer evidence that the defendants were in actual possession and had been all the time and were never dispossessed. The tax deed was admitted and the judge remarked that "the recording of the deed is taking of possession," and maintained that position throughout. The plaintiffs neither introduced nor offered any evidence of possession, other than was implied in this remark of the judge, or was afforded by the deed and its recordation, nor any evidence that the land was vacant and unoccupied. There is an utter absence of evidence as to whether the land was or was not in the actual or constructive possession of any one, or whether it was vacant and unoccupied at the time

of the commencement of the action or any time before or since. The defendants, notwithstanding the omission of plaintiffs, clamored to be permitted to prove that the defendants were in actual possession under an adverse title, and that the plaintiffs were actually out. The court refused to permit such proof; in fact permitted no evidence on the part of defendants.

Under the express provisions of sec. 255, the action is given only to a "person in possession, by himself or his tenant, of real property." To give jurisdiction of an action under this section, the plaintiff must be in possession, actual or constructive.—*Chilcott v. Hart*, 23 Colo. 40 at 45. The allegation of possession, always necessary in such an action, was put in issue by the answer. It was therefore necessary for the plaintiffs to prove it.—*Reynolds v. Campling*, 23 Colo. 105 at 108. The plaintiffs, not having shown that they were in possession, actual or constructive, at the commencement of the action, and their possession being denied, their action must fail. There are no facts presented regarding the possession, so that it is impossible to determine what the law of the case is in that regard. Anything that might be said would have to be based on an hypothetical case or cases.

All that can be determined on this record is that the plaintiffs failed to prove any possession, either actual or constructive, in themselves, at the time of the commencement of the action, and for that reason the judgment is reversed and the case remanded for trial in accordance with law, with leave to each party to amend their pleading as they may be advised and as the law permits.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.