[No. 6503.]

## MONSON ET AL. V. GILLETT.

TAX DEED—*Certificate Issued to County and Assigned by County Clerk*—Under the statutes in force prior to the revenue act of 1901 (Laws 1901, c. 94) a tax deed for land sold to the county, issued upon an assignment of the certificate by the county clerk, after more than three years from the date of the certificate is void—(148).

A tax deed recited the sale of the lands to the county; that in April, 1891, the grantee deposited with the treasurer a sum mentioned; a resolution of the board of county commissioners at a regular meeting in the same month and year, that the certificate might be assigned by the clerk to the grantee in the deed, for the amount so deposited; and that "in consideration of the premises, and in accordance with the provisions of Sec. 5 of the Act of March 3, 1894," the clerk assigned and delivered the certificate to the grantee named in the deed. *Held,* that these recitals showed an assignment, not pursuant to any direction or authority of the board, but by the county clerk in his capacity as clerk, and by an authority assumed under the statute recited; and such assignment having been made more than three years after the date of the certificate, the deed was held void—(149, 150).

*Appeal from Logan District Court*—HON. H. P. BURKE, Judge.

Mr. W. L. HAYS for appellants.

Messrs. MUNSON & MUNSON for appellee.

Mr. JUSTICE MUSSER delivered the opinion of the court.

In this action to quiet title, the defendants claimed the land under a title based upon a tax deed. The court held the tax deed invalid on its face and rejected it as evidence. As will be seen hereafter, it appeared on the face of the deed that the certificate of purchase at the tax sale, upon which the deed was based, was made to the county in default of bidders, and after the expiration of six years from its date the certificate was assigned by the county clerk to the grantee in the tax deed. The question of the right of the county clerk to assign such a certificate under the old revenue statutes, after the expiration of three years from its date, is no longer an open one in this state.

In *Carnahan v. Sieber Cattle Co.*, 34 Colo. 257, the lower court held two tax deeds invalid, in the first of which it appeared that the county clerk had assigned the certificate after the expiration of three years from its date, and this court said:

"As to the deed first offered in evidence, based upon the certificate of purchase assigned by the county clerk, there can be no doubt that the trial court was right in rejecting the offer. In *Lovelace v. Tabor M. & M. Co.*, 29 Colo. 62, it was expressly ruled that a county clerk has no authority to assign such a certificate except within the specified time of three years prescribed by section 3888," (3 Mills' Ann. Stat. (1st Ed.) Sess. Laws 1894, pp. 46, 47, § 5.)

The appellants contend that the certificate of purchase upon which the tax deed under consideration was issued was not assigned by the county clerk, but by the board of county commissioners. They assert that the board of county commissioners under its general power to make such orders concerning the property of the county as it may deem expedient, can assign a tax certificate at any time and authorize the county clerk to make the assignment. This point need not be determined, and no intimation either way is made about it,

for the reason that it appears from the tax deed that the county clerk made the assignment, not for the county commissioners, but under the statute authorizing him to make such an assignment within three years from the date of the certificate. The recitals in the tax deed, immediately following the recital that the certificate had been issued to the county, are as follows:

"and whereas W. A. Turner of the County of Logan and State of Colorado did on the 27th day of April, A. D. 1901, pay to and deposit with the treasurer of said county the sum of forty-seven and 66-100 dollars in accordance with the judgment, decision and order of The Board of County Commissioners of the County of Logan, heretofore in due time, form and manner duly had and made by said Board at a regular meeting of said Board held at the county-seat of said County on the 4th day of April, A. D. 1901, at which said meeting said Board did decide that said certificate of purchase to said land might be sold, assigned and delivered by the Clerk of said County to such person, at and for the sum of forty-seven and 66-100 dollars, said amount including the taxes assessed and due on said property since the date of the sale thereof to said County; and, whereas, in consideration of the premises and in accordance with the provisions of said section 5 of the Session Laws of the State of Colorado, approved March 3d, 1894, and the laws of Colorado in such case made and provided, the clerk of the County of Logan did, on the 27th day of April, A. D. 1901, duly sell, assign and deliver unto him, the said W. A. Turner the said certificate of purchase to the property aforesaid, and all right, title and interest which the County of Logan had in and to the said certificate and to the property therein described."

It appears from these recitals that what the board of county commissioners did was to decide that the county clerk might assign the certificate for a certain

amount, but there was no direction to the county clerk to do so in the name of the board. The tax deed shows that the county clerk did not make the assignment by virtue of any authority or direction given him by the county commissioners, or for them, or in their name, but does show that he made the assignment in accordance with the provisions of Section 5 of the Session Laws of 1894. Section 5 in the Session Laws of 1894, relating to the assignment of such certificates is found on pages 46 and 47 of the Session Laws and relates to the assignment of the certificate by the county clerk, independent of the commissioners, within three years from the date of the certificate. It is plain from the deed that the clerk did not assume to act for the board in making the assignment, as its agent or attorney in fact under authority from it, but did assume to make the assignment in his capacity as county clerk, under the authority assumed to have been conferred upon him as such clerk by section 5 of the act of 1894 and the laws of the state. He deferred only to the commissioners, as to the amount for which he would make the assignment.

The action of the District Court in holding the tax deed invalid and rejecting it as evidence was right, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GARRIGUES concur.