Plaintiff, Aertker, instituted this suit alleging he was the owner of the SW 1/4 of Section 11, Township 5 North, Range 1 West and other lands, all in Rapides Parish, Louisiana, and that he was in actual, open, physical possession of same; that he acquired the lands at Sheriff's sale on May 20, 1939, under a writ of fieri facias in suit entitled Rapides Bank Trust Company in Alexandria v. J.F. Ball Bros. Lumber Company, as shown by Sheriff's deed and Conveyance Records of Rapides Parish, Louisiana, Book 240, page 72. He alleged that Mrs. Sallie E. Ball, Mrs. Helene B. Wolf, James F. Ball, Jr., and another were *Page 310 
slandering his title by claiming to be the owner of one-half interest in said lands and other described lands by placing of record certain deeds which he described. Mr. Frank H. Peterman, alleging he had acquired one-half interest in the property from Aertker, intervened in the suit and had himself made a party plaintiff.
The three defendants above named answered setting up title in themselves to one-half interest in the 160 acres of land above described, thereby becoming plaintiffs in a petitory action. The other lands originally involved in this suit and the other defendant have passed from the case and we are now only concerned with title to the SW 1/4 of Section 11, Township 5 North, Range 1 West, one-half interest of which is claimed by the three named defendants in a petitory action. The defendants in answer set up three different chains of title under which they claim, however, in this court they urge only one chain which is the one under which the lower court awarded them an undivided one-half interest in the 160 acres of land.
The lower court rendered a written opinion and since it deals only with that part of the original suit that is before us, we quote it in full:
"Involved in this suit is an undivided one-half interest in SW 1/4 of Section 11, T. 5 N.R. 1 W. All parties deraign title from the J.F. Ball Brother Lumber Company. Plaintiff claims title under a Sheriff's deed made and executed under a writ of Fi. Fa. issued under a judgment rendered in the case of Rapides Bank 
Trust Company v. J.F. Ball Brother Lumber Company, and bearing date April 11, 1939, recorded on June 5, 1939, in Conveyance Book 240, folio 72, Rapides Parish. Intervenor acquired from plaintiff an undivided half interest in the property subsequent to the filing of this suit.
"Defendants, Mrs. Sarah E. Ball, widow of the late J.F. Ball, Sr., and her two children, Mrs. Helene B. Wolf and James F. Ball, Jr., acquired the interest in the property which they now assert on January 31, 1942, by deed, seasonably recorded from the Guaranty Realty Corporation. The Guaranty Realty Corporation in turn acquired the half interest of the property in contest from John W. Ball, John W. Ball, Inc., and J.F. Ball Brother Lumber Company, Ltd., on December 31, 1932, by deed recorded January 3, 1932, in Conveyance Book 188, folio 447 of Rapides Parish.
"The deed to the Guaranty Realty Corporation embraces a large tract of land located in many sections, townships and ranges. The property in question is perfectly described, by quarter section, township and range, but preceding the description by Government subdivisions, the following language is used:
"`Certain pieces, parcels, or tracts of land being, lying and situated in the Parish of Grant, State of Louisiana, and more particularly described as follows:'
"Intervenor in his brief argues:
"`This deed from J.F. Ball Bros. Lumber Company to the Guaranty Realty Corporation specifically says that it is a conveyance of land located in Grant Parish. * * * This certainly was no notice that the property was in Rapides Parish. There was a long list of several hundred acres, nearly all of which is actually in Grant Parish, and therefore anyone looking at the records would be entirely misled by the description in the deed.'
"The only way that counsel could definitely determine that nearly all of the property described in the deed actually is in Grant Parish is to look at a map to ascertain the line between Rapides and Grant Parishes. Such a map places most of Section 11, but not all, in Rapides Parish. The fact that counsel states as a fact that nearly all of the land actually is in Grant Parish makes it clear that he had knowledge that the line between the two parishes was somewhere near some of the property. This should have put him on notice, so that particular pains might be taken to check its location.
"In the case of City Bank of New Orleans v. Denham, 7 Rob. 39, it was held that a deed describing a lot as No. 2 of Square No. 9 in that part of Baton Rouge laid out by A. Gras, when there was no such square as No. 9, was good and sufficient, when the property was otherwise sufficiently described.
"The principle here stated is set out in 26 C.J.S., Deeds, § 30, p. 220, 221, as follows:
"`Where, from the description in a deed, taking into consideration all its calls, it is possible by rejecting calls which are apparently false to ascertain its application to a particular tract as embraced within *Page 311 
the description, the false calls will be rejected and the deed sustained. A conveyance describing land by governmental subdivisions in proper township and range is sufficient, although it was further designated as situated in the wrong county.'
"In the very recent case of Harrill v. Pitts, 194 La. 123,193 So. 562, [565] the Court held that where a deed did not show the State or Parish in which the property was located and did not specify whether the township was north or south, nor whether the range was east or west, the Court would take judicial notice that there are no southern townships or eastern ranges in Caddo Parish, or if the Court may consider other deeds in the chain of title, plaintiff's arguments must necessarily fall. And the Court announced this principle:
"`Courts are always liberal in construing the description of property in deeds, so as to sustain, rather than defeat the conveyance.' 16 Am.Jurisprudence 585; 18 C.J. 180.
"The case of Lambert v. Murray, 52 Colo. 156, 120 P. 415, [419] is directly in point. There was admitted in evidence a deed to defendant in which the description was as follows:
"`The following described real estate, situated in the county of Arapahoe, in the state of Colorado, to wit: All of the northeast quarter of Sec. 15, in township 5 south, range 52 west of the 6th principal meridian, containing 160 acres of land, more of less, according to government survey.'
"It was contended there, as it is here, that since the wrong county was designated, it was insufficient. In response to this contention, the Court said:
"`The particular quarter section in the section, township, and range mentioned can be easily located without reference to any county, so that it was immaterial whether the right or wrong county or any county was mentioned.'
"And in the case of Risch v. Jensen, 92 Minn. 107, 99 N.W. 628, the same principle is announced and is correctly reflected in the syllabus, as follows:
"`A conveyance describing land by governmental subdivisions in the proper township and range is sufficient, notwithstanding the fact that it was further designated as situated in the wrong county.'
"For these reasons there will be judgment recognizing plaintiff and intervenor to be owners of an undivided one-half interest in the land in controversy, that is to say the SW 1/4 of Section 11, Township 5 North, Range 1 West, and that Mrs. Sarah E. Ball, Mrs. Helene B. Wolf and J.F. Ball, Jr., be decreed the owners of the remaining one-half of said property; plaintiff and intervenor to pay costs."
The intervenor who made himself party plaintiff was called to the witness stand under cross-examination and testified, among other things, that he did not have knowledge that the property in dispute was near the dividing line of Rapides and Grant Parishes. He is also one of the attorneys for the plaintiffs. In argument and in brief in this court he takes exception to that part of the opinion of the lower court as a reflection upon his veracity where it states:
"The fact that counsel states as a fact, that nearly all of the land actually is in Grant Parish makes it clear that he had knowledge that the line between the two parishes was somewhere near some of the property."
We feel sure no such reflection was intended and the lower court in making its deduction from a statement made by the attorney in his brief no doubt overlooked the positive testimony given by the attorney when on the witness stand. This attorney stands high in the legal profession of the State and certainly no court would intentionally reflect upon his veracity as a man or a lawyer. We seriously doubt, however, if the deduction made by the lower court was a correct one to be made from the quoted statement in its opinion.
Since the original defendants have become the plaintiffs in a petitory action, it evolves upon them to show a good and valid title in themselves to an undivided one-half interest in the 160 acres of land described as SW 1/4 of Section 11, Township 5 North, Range 1 West, and they can recover only upon the strength of their own title. Hereafter, we will refer to the original defendants as plaintiffs and the original plaintiffs as defendants.
Both plaintiffs and defendants are claiming title from a common author, J.F. Ball Bros. Lumber Company. Defendants are claiming under a Sheriff's deed recorded in the Conveyance Records of Rapides Parish on June 5, 1939, in Book 240, page 272. *Page 312 
The sale was made under a judgment rendered October 27, 1933. Plaintiffs are claiming under the following chain of title:
J. Monroe Nugent to J.F. Ball Bros. Lumber Company, deed recorded January 26, 1906, in Rapides Parish, Louisiana, covering the above described 160 acres of land;
Deed from J.F. Ball Bros. Lumber Company to William M. Cady, recorded in Grant Parish on February 2, 1922, and Rapides Parish on September 15, 1939, after defendants' deed from the Sheriff had been recorded;
Deed to one-half interest in the 160 acres of land from William M. Cady to John F. Ball and John W. Ball in equal proportions, recorded in Rapides Parish on February 26, 1929;
Deed from John W. Ball to John W. Ball, Inc., one-fourth interest in the 160 acres, recorded in Rapides Parish on July 15, 1924; Deed from J.F. Ball Bros. Lumber Company and J.W. Ball, Inc., to Guaranty Realty Company of the entire 160 acres, recorded in Rapides Parish on March 24, 1933; and
Deed from Guaranty Realty Company to the plaintiffs of one-half interest in the 160 acres of land, recorded February 6, 1942, in Rapides Parish.
After J.F. Ball Bros. Lumber Company acquired the lands in controversy from J. Monroe Nugent in 1906, until it transferred it to the Guaranty Realty Company in 1933, there was no deed or other instrument of record in Rapides Parish showing that the Lumber Company had transferred or parted title with the property. The Lumber Company was the record holder of the title and when it transferred the lands to the Guaranty Realty Company, it became the record owner with a good and valid title. The deed from the Lumber Company to William M. Cady, which was not recorded in Rapides Parish until 1939, and from Cady to J.W. and J.F. Ball of a one-half interest, and the other deeds above enumerated could not have any effect on the title secured by the Guaranty Realty Company. The recording in Rapides Parish of the deed from the Lumber Company to William M. Cady many years after the Guaranty Realty Company acquired the property by deed from the Lumber Company could not and did not have any effect on the title in the Guaranty Realty Company. At the time it acquired its deed to the property, the record owner was the Lumber Company, its vendor, and it was not required to go any further than the record in Rapides Parish.
The Realty Company acquired the property from the Lumber Company and it was recorded in Rapides Parish prior to the signing of the judgment under which defendants acquired the property at Sheriff's sale, therefore, when the Realty Company acquired the property, the mortgage arising from the judgment did not attach to the lands. Therefore, if title was good in the Realty Company, the vendor of plaintiffs, they likewise received a valid title to a one-half interest in the 160 acres of land.
It is defendants' contention that the deed under which the Realty Company acquired the lands was defective and not binding upon them as third persons for the reason it described the lands as being located in Grant Parish and not in Rapides Parish, and an examination of the Conveyance Records by them before paying the price bid for the property at Sheriff's sale failed to disclose that the Lumber Company had ever sold or parted title to the SW 1/4 of Section 11, Township 5 North, Range 1 West, located in Rapides Parish. The resolution of the Board of Directors of the J.F. Ball Bros. Lumber Company authorizing the sale of the lands involved here and many other thousand acres otherwise described, defines the lands to be sold as "certain pieces, parcels or tracts of land, being, lying and situated in the Parish of Grant, State of Louisiana, and more particularly described as follows:". The deed contained the same identical wording and is followed by a description of the lands by sections or quarter sections, townships and ranges. The property involved here is described in the deed as the SW 1/4, Section 11, Township 5 North of Range One (1) West. The deed contains a description of approximately eighty different pieces of land and could have been recorded in Rapides Parish for one reason only and that was that it transferred lands located in Rapides. It was also recorded in Grant Parish for the reason it transferred lands located in Grant Parish. The recording of this deed in Rapides Parish should have at least aroused the suspicions of anyone *Page 313 
examining title to lands owned or formerly owned by the Lumber Company, and a reading of this instrument by plaintiffs would have disclosed to them that the Lumber Company had sold the 160 acres of land they were attempting to acquire at Sheriff's sale. The description of the lands was sufficient to identify it, even though it was described as located in Grant Louisiana, instead of Rapides, and the error was not such a one as to relieve third persons from the effects of the recorded deed. In the deed from Nugent to the Lumber Company, the property in dispute here is described as being situated in Rapides Parish, Louisiana.
The lower court has cited cases and texts to support its finding, which we find to be correct. The judgment of the lower court is therefore affirmed, with costs.